# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In Re: William Gregory

Case No:   6:16-mc-19-Orl-41GJK

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on William Gregory's February 11, 2016, letter requesting appointment of counsel.  Doc. No. 1.[1]  Mr. Gregory represents he was sentenced to death.  *Id*.[2]  Mr. Gregory represents he has exhausted his state appeals, and thus seeks to pursue relief in federal court.  *Id*.  Mr. Gregory does not specify whether he has any ongoing actions in this Court.  *Id*.  Nevertheless, Mr. Gregory requests he be appointed counsel for "federal appeals."  *Id*.

As an initial matter, a letter is not a proper means by which to request relief from the Court.  Local Rule 3.01(f) ("[a]ll applications to the Court … requesting relief in any form … shall not be addressed or presented to the Court in the form of a letter or the like.").  A party seeking relief from the Court must file a motion that complies with the Federal Rules of Civil

---

[1] The letter was originally filed with the United States District Court for the Middle District of Florida, Tampa Division.  *In re: William Gregory*, Case No. 8:16-mc-20-T-27TBM, Doc. No. 1 (M.D. Fla. Feb. 16, 2016).   On April 8, 2016, the matter was transferred to the Orlando Division.  *Id*. at Doc. No. 2.

[2] The Court takes judicial notice of information available on April 12, 2016, on the database maintained by the Florida Department of Corrections Offender Network, http://www.dc.state.fl.us, which indicates that on April 14, 2011, Mr. Gregory was sentenced to death on two-first-degree murder convictions in Volusia County, Florida.

Procedure and the Local Rules of this Court. Fed. R. Civ. P. 7(b); Local Rule 3.01(a).[3] That did not occur in this case, and thus Plaintiff is not entitled to the relief requested in the letter.

Further, the case is due to be closed. The undersigned has conducted a review of this District Court's CM/ECF – the Court's electronic docketing system – and takes judicial notice that Plaintiff currently has no pending civil or habeas cases (other than this miscellaneous case) in this Court. The Court will only consider a request for relief, such as the appointment of counsel, in relation to a pending case, where the plaintiff has paid the full filing fee or has been granted leave to proceed *in forma pauperis*. Thus, Mr. Gregory's request for relief is premature, and may be renewed after he files an action, via complaint or petition for habeas relief, with this Court. In light of the foregoing, the undersigned finds this miscellaneous case should be closed.

Accordingly, it is **RECOMMENDED** that:

1. The relief requested in the letter (Doc. No. 1) be **DENIED**; and
2. The Court direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[3] "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages." Local Rule 3.01(a).

- 3 -

Recommended in Orlando, Florida on April 12, 2016.

*(signature)*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties